

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS



GERALD C. MANN
~~WILL WILSON~~XXX
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                        Opinion No. O-4149

Re: Local mutual aid associations
    and burial associations organ-
    ized under and governed by
    Articles 5068-1 and 4875a may
    lawfully invest their mortuary
    funds in the securities des-
    cribed in Article 4725. Such
    association should release or
    convey such securities in the
    manner prescribed by law for
    other corporations generally.

Your letter dated March 20, 1942, submits for an opinion of
this department the following questions:

"1. May local mutual aid associations and burial associations,
organized under and governed by Articles 5068-1 and 4875a
lawfully invest their mortuary funds in the securities described
in Article 4875? (Sic., Article 4725 was apprently intended.)

"2. May such associations upon the payment or sale of such
securities release or convey them in the manner prescribed by
law for other corporations generally by Title 32, Ch. 3, when
authorized by their Board of Directors and through their
President with corporate seal attested by their Secretary, or
is it necessary for such releases or conveyances to be taken
from each member of such associations?"

You apparently intended in question (1) to refer to the
securities described in Article 4725 instead of Article 4875,
Article 4875 having been repealed.

Your letter refers us to Article 5068-1, Sections 23 and 24,
Vernon's Annotated Civil Statutes, which article and the
sections thereof mentioned authorize the organization of
burial associations according to the conditions and under the
regulations contained in the various provisions of Article 2875a.

One of the provisions of said Article 4875a to which you specifically refer in your letter is Article 4875a-24, which provides as follows:

"Any association organized under the provisions hereof or accepting the provisions hereof shall for the purposes of operation be and become a body corporate with authority to sue and be sued in its own name and to exercise the other powers and functions specifically herein provided, such association shall be governed by this law and shall be exempted from all provisions of the insurance laws of this State. No law hereafter enacted shall apply to them unless they be expressly designated therein."

It is your position, as stated in your letter, that the above quoted article authorizes such association to become a body corporate, and that Article 4875a-18 described by reference the securities in which such corporate bodies may invest their surplus funds, giving rise to the necessary implication that such article carries with it the power to release and convey in the same manner as corporations generally. With this contention we must agree.

Article 4875a-18 is as follows:

"Any surplus funds on hand belonging to any such association must be invested if at all, in such securities as the funds of life insurance companies may be invested in."

One of the fundamental rules of statutory construction is that when a statute gives a right or imposes a duty, it also confers by implication the power necessary to make the right available or to discharge the duty; and where a power is granted and the mode of its exercise is not prescribed, it will be implied that it is nevertheless to be exercised. Lewis Sutherland Statutory Construction, Volume 2, page 947, section 510; People v. Eddy, 57 Barb. 593.

Article 5068-1, Sections 23 and 24, adopts by reference the provisions of Article 4875a-1 to Article 4875a-31 and makes these statutes applicable to organization and regulation of burial associations; Article 4875a-24 provides that associations organized under the provisions of that act become a body corporate with the authority to sue and be sued in its own name and to exercise the other powers and functions specifically herein granted, but not otherwise; Article 4875a-18 provides in substance that the funds of such association or body corporate must be invested in such securities as the funds of life insurance companies may be invested. It is obviously wholly

impracticable, if not entirely impossible, for such association to obtain the consent, the signatures and the acknowledgement of each and every member of such association whenever a lien must be released or a deed executed. Yet in order to be able to invest in the securities authorized it is necessary that they also be able to execute releases and other instruments incident to the business of making such investments, so that as to the grant of this much power the words quoted from Article 4875a-24: "to exercise the other powers and functions specifically herein granted, but not otherwise" were not intended to apply in any restrictive sense.

You are therefore advised that in the opinion of this department your questions should be answered as follows:

1. Local mutual aid associations and burial associations, organized under and governed by Articles 5868-1 and 4875a may lawfully invest their mortuary funds in the securities described in Article 4725 provided such mortuary funds constitute surplus funds on hand as described in Article 4875a-18.

2. Such associations may upon the payment or sale of such securities release or convey them in the manner prescribed by law for other corporations generally. (Article 1322) It is not necessary for such releases or conveyances to be taken from each member of such associations.

We trust that the above satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Robert F. Cherry

By

Robert F. Cherry
Assistant

RFC:GO/cg

APPROVED MAY 23, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By BWB, Chairman